


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| H.L. HUMPHRIES JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-745-A |
| | § | |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, H.L. Humphries Jr., a state prisoner currently incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On October 15, 1998, a jury convicted petitioner on one count of aggravated sexual assault of a child under 14 years of age and two counts of indecency with a child by contact in the

371st District Court of Tarrant County, Texas, Case No. 0708347R, and assessed his punishment at a 30-year term of confinement and two 20-year terms of confinement, respectively, the sentences to run concurrently. (01SHR at 32[1]) Petitioner appealed the convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on October 30, 2000, the Texas Court of Criminal Appeals refused his petition for discretionary review. (01SHR at 34-41) *Humphries v. Texas*, PDR No. 0948-00. Petitioner did not seek writ of certiorari. (Pet. at 4)

Petitioner also sought postconviction habeas relief in state court by filing five applications for writ of habeas corpus challenging his 1998 convictions and/or sentences. The first, filed on August 22, 2001, was denied without written order by the Texas Court of Criminal Appeals on December 12, 2001. (01SHR at cover, 2) Petitioner filed three more applications in September 2007, which were dismissed as subsequent applications under Texas Code of Criminal Procedure § 11.07, § 4. Lastly, petitioner filed his fifth application in April 2011, which was likewise

---

[1]"01SHR" through "05SHR" refer to the state court records of petitioner's state habeas application Nos. WR-50,524-01, WR-50,524-02, WR-50,524-03, WR-50,524-04, and WR-50,524-05, respectively.

dismissed as a subsequent application. (02SHR at cover, 03SHR at cover, 2; 03SHR at cover, 2; 04SHR at cover, 2; 05SHR at cover, 2) This federal petition was filed on September 11, 2013. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

## II. ISSUES

Petitioner raises five grounds for habeas relief:

(1) Ineffective assistance of counsel at trial and on appeal;

(2) Prosecutorial misconduct;

(3) Insufficient evidence to establish jurisdiction;

(4) Trial court error in denying motion for mistrial; and

(5) Cumulative effect of all errors rendered trial unfair.

(Pet. at 7-11a)

## III. STATUTE OF LIMITATIONS

Respondent contends the petition is untimely. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's convictions became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on November 28, 2000, and the

limitations period closed one year later on November 28, 2001, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's first state habeas application filed on August 22, 2001, tolled the limitations period 113 days, making his federal petition due on or before March 21, 2002. His remaining state habeas applications filed well after the limitations period had already expired did not operate to further toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely if petitioner is not entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Citing to the Supreme Court's decision in *Murray v. Carrier*, 477 U.S. 478 (1986), and more recent decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the latter recognizing that ineffective

assistance of counsel at initial-review collateral proceedings can constitute cause to excuse a prisoner's procedural default of a claim, petitioner asserts he was impeded "by the ineffectiveness of his appellate counsel from properly investigating, researching, and then timely filing a federal petition for relief." According to petitioner, his petition is late because appellate counsel "failed to keep [him] informed as to the status of the case relative to the running of said deadline and [he] became aware too late of the running of the said deadline." (Pet. at 14) Petitioner urges that-

> a prisoner is at a great disadvantage and must, as a matter of circumstance, be especially dependent upon appellate counsel's effectiveness. Thus a procedural bar, when effectuated as a result of the ineffectiveness of appellate counsel, must not be allowed to preclude the federal court from hearing the merits of a prisoner's ineffective assistance of counsel claim.

(Pet'r Reply at 1-2)

The line of cases cited by petitioner however address excusing a procedural default of a claim and do not apply to the federal statute of limitations or the tolling of that period. *See Hunter v. Stephens*, No. H-13-877, 2013 WL 5671295, at *5 (S.D.Tex. Oct. 16, 2013); *Arthur v. Thomas*, – F.3d –, 2014 WL 30707, at *18 (11th Cir. Jan. 6, 2014). The primary issue here

is the statute of limitations, and petitioner must show more than cause for his failure to timely file. He must show that he pursued his rights with "reasonable diligence" but extraordinary circumstances prevented him from filing a petition within the time allowed by the statute. *Holland,* 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

Petitioner's lack of knowledge of filing deadlines is not sufficient to warrant equitable tolling, and no authority is found that counsel was required to provide advice regarding collateral attacks in his capacity as appellate counsel. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). Moreover, petitioner's extreme delay in seeking federal habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before March 21, 2002. His petition, filed on September 11, 2013, over eleven years later, is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS respondent's motion to dismiss is granted

and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED January 28, 2014.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE